IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

(Charlottesville Division)

| | |
|---|---|
| REYNA GUERRA and CECILIA SERRATO, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civ. No: |
| GUADALAJARA CORPORATION, IV, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

## PRELIMINARY STATEMENT

1. Plaintiffs REYNA GUERRA and CECILIA SERRATO sue their employer, GUADALAJARA CORPORATION, IV, for failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and for conversion under Virginia law.

2. For varying periods between 2009 and 2015, Plaintiffs were employed by Defendant at Defendant's restaurant.

3. Plaintiffs routinely worked more than 40 hours per week. Defendant failed to pay Plaintiffs at all for their hours worked over 40 in any workweek.

4. Defendant engaged in an impermissible tip pool, and thus is not entitled to apply Plaintiffs' tips toward their minimum wage.

5. Defendant took an impermissible amount of tips from Plaintiffs and kept it for itself.

1

## JURISDICTION AND VENUE

6. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Jurisdiction over Plaintiffs' FLSA claims lies in this court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This court may exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), as they form part of the same case or controversy.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)-(c), as Defendant Guadalajara Corporation IV's ("Guadalajara IV") principal place of business is in this District.

## PARTIES

8. Plaintiff Reyna Guerra is an adult resident of Albemarle County, Virginia. She worked for the Defendant at Guadalajara IV, a restaurant in Albemarle County, Virginia.

9. Plaintiff Cecilia Serrato is an adult resident of the City of Charlottesville, Virginia. She worked for the Defendant at Guadalajara IV, a restaurant in Albemarle County, Virginia.

10. Defendant Guadalajara Corporation IV is a Virginia corporation with its principal place of business in Albemarle County, Virginia. Guadalajara Corporation IV exists in order to operate Guadalajara IV.

## FACTS

11. Guadalajara IV is a Mexican restaurant in Albemarle County, Virginia, that has been in existence since approximately 2005. At all times, Defendant Guadalajara Corporation IV was the corporate entity that operated Guadalajara IV.

12. Guadalajara IV is part of family-owned group of Guadalajara restaurants in the City of Charlottesville and Albemarle County. In total there are four Guadalajara restaurants.

13. The president of each Guadalajara is Gilbert A. Lopez. Upon information and belief, Mr. Lopez and his wife, Teresa Lopez, are owners of all of the locations.

14. If supplies are short at one of the Guadalajara locations, the managers can go to another location and get those supplies.

15. Guadalajara, IV constitutes a single enterprise with the other three Guadalajara restaurants for purposes of FLSA liability.

16. On information and belief, the gross annual business volume of Guadalajara IV exceeded $500,000 at all times relevant to this action.

17. In the performance of their jobs at the restaurant, Mses. Guerra and Serrato regularly swiped credit cards to accept payment for the restaurant.

18. Ms. Guerra worked as an employee of the restaurant from approximately May 2010 until November 18, 2015.

19. Ms. Serrato worked as an employee of the restaurant from approximately fall of 2009 until November 18, 2015.

20. Mses. Guerra and Serrato worked on the front end of the restaurant, working as hostesses, servers, bartenders, and bussers. They also prepared the restaurant for the day in the mornings and cleaned the restaurant at night. All front-end staff worked in all of these capacities.

21. Mses. Guerra and Serrato each received more than $30 per month in tips.

22. On weekdays, Mses. Guerra and Serrato typically worked from approximately 10:00 AM until 10:00 PM, sometimes later. On Fridays and Saturdays, they normally worked from 10:00 AM until 10:30 or 10:40 PM. On Sundays, they normally worked from 10:00 AM until approximately 9:00 or 9:30 PM.

23. They were told not to clock-in in the mornings until after the restaurant opened at 11:00 AM and they had their first table. From 10:00 AM until 11:00 AM they prepared the restaurant for the day.

24. During the day they received breaks that equaled two-and-a-half hours.

25. Mses. Guerra and Serrato normally worked five days a week, but occasionally worked a sixth day.

26. Mses. Guerra and Serrato regularly worked more than forty hours in a week.

27. Plaintiffs did not keep track of the hours or days they worked, but this information is in the Defendants' possession. Plaintiffs, however, entered one hour earlier each day than the time clock shows.

28. Mses. Guerra and Serrato's paystubs never reflected hours worked in excess of forty in a week, nor were they paid for those hours.

29. Mses. Guerra and Serrato were paid $2.15 an hour by Defendant.

30. Mses. Guerra and Serrato's paystubs reflected reported cash tips, but the amount reported did not always correspond to the amount they actually received.

31. On average, Mses. Guerra and Serrato received an amount in tips each day approximately equivalent to 15-18% of their total sales for the day.

32. At the end of the day, Mses. Guerra and Serrato were able to retain some of the tips they had received, but a portion of those tips was deducted and taken by the restaurant. Out of the total gross sales each of them brought into the restaurant each night, Mses. Guerra and Serrato had to pay back three percent to Defendant out of their tips. For example, if they had made $1,000 of sales that night, $30 would be deducted from the approximately $150-$180 in tips they would have received.

33. They never received back any of the three percent retained by the restaurant.

34. On information and belief, all front-of-the-house employees who worked evenings were subject to this three percent deduction from their tips, and Defendant did not distribute this money through a valid tip tool to other employees who customarily and regularly receive tips.

35. Defendant did not fully explain the use of the tip credit to Plaintiffs and offered them different explanations for the purpose of the three percent deduction throughout their employment.

## CAUSES OF ACTION:

### Count I: Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

36. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 35 above.

37. Ms. Guerra and Ms. Serrato have consented to be party plaintiffs to this action under the FLSA pursuant to 29 U.S.C. § 216(b) and their Consents are attached to this Complaint as "Exhibit A."

38. At all times relevant to this action:

    a. Plaintiffs were employees of Defendant within the meaning of 29 U.S.C. § 203(e)(1);

    b. Defendant was the employer of Plaintiffs within the meaning of 29 U.S.C. § 203(d);

    c. Defendant employed Plaintiffs within the meaning of 29 U.S.C. § 203(g); and

   d. Plaintiffs were engaged in commerce or the production of goods for commerce, and/or were employed by Defendant in an enterprise engaged in commerce or the production of goods for commerce.

39. By retaining an amount equivalent to three percent of the Plaintiffs' total daily sales from their tips, Defendant conducted an illegal tip pool in violation of 29 U.S.C. § 203(m), and as such Defendant is not entitled to claim a tip credit.

40. By failing to comply with the tip credit disclosure requirements under 29 C.F.R. § 531.59(b), Defendant conducted an illegal tip pool in violation of 29 U.S.C. § 203(m), and as such Defendant is not entitled to claim a tip credit.

41. By failing to pay Plaintiffs their lawful minimum wage and/or time-and-a-half overtime premium, as set forth above, Defendant violated the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, to Plaintiffs' injury, and is liable to them in damages.

42. These violations were willful violations within the meaning of the FLSA, 29 U.S.C. § 255(a), in that Defendant made no effort whatsoever to pay Plaintiffs the proper minimum wage or overtime premium notwithstanding the fact that Plaintiffs were plainly and obviously working overtime. Additionally, Defendant created an illegal tip pool by taking tips from tipped employees and giving them to the restaurant and also because it did not fully and adequately disclose the tip credit system to the tipped employees.

## Count II: Virginia Common Law Conversion

43. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 42 above.

44.     By its actions as set forth above, specifically taking three percent of the total gross sales, Defendant Guadalajara wrongfully assumed control over Plaintiffs' goods and deprived them of possession, and is liable to them for damages.

### Requested Relief

Wherefore, Plaintiffs Reyna Guerra and Cecilia Serrato respectfully request that this court provide the following relief:

1.      Under Count I, declare that the wage-and-hour violations complained of herein were willful within the meaning of the FLSA, such that a three-year statute of limitations would be appropriate;

2.      Under Count I, award Plaintiffs their actual damages under the FLSA in the amount of all unpaid minimum wages and overtime, in an amount appropriate to the proof at trial against Defendant;

3.      Under Count I, award Plaintiffs an additional equal amount as liquidated damages against Defendant pursuant to 29 U.S.C.§ 216(b);

4.      Under Count II, award each Plaintiff their actual damages as a result of the taking of their tips in an amount appropriate to the proof at trial, against Defendant, plus an award of 6% prejudgment interest from the date of the wrongful taking of the tips, to the extent that such relief would not reduce the amount otherwise owed Plaintiffs;

5.      Under Count I, award Plaintiffs their costs and reasonable attorney's fees, as appropriate under the Fair Labor Standards Act, 29 U.S.C. § 216(b), against Defendant; and

6.      Provide such other and further relief as this court deems necessary and proper.

**Trial by Jury is demanded.**

Respectfully submitted this 25th day of February, 2016,

        Reyna Guerra
        Cecilia Serrato,

        By Counsel

        ____s/Rachel McFarland_____
        Rachel McFarland, VSB #89391
        LEGAL AID JUSTICE CENTER
        1000 Preston Avenue, Suite A
        Charlottesville, VA 22903
        Tel: (434) 977-0553
        Fax: (434) 977-0558
        Email: RMcFarland@justice4all.org

        Erin Trodden, VSB #71515
        LEGAL AID JUSTICE CENTER
        1000 Preston Avenue, Suite A
        Charlottesville, VA 22903
        Tel: (434) 977-0553
        Fax: (434) 977-0558
        E-mail:Erin@justice4all.org


        ATTORNEYS FOR PLAINTIFFS