CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 07 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| REYNA GUERRA, et al., | ) |
| Plaintiffs, | ) Civil Action No. 3:16CV00020 |
| v. | ) **MEMORANDUM OPINION** |
| GUADALAJARA, IV, | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Chief United States District Judge |

In the instant action, Reyna Guerra and Cecelia Serrato assert claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and Virginia common law against their former employer, Guadalajara, IV ("Guadalajara"). Guadalajara has moved for judgment on the pleadings with respect to the plaintiffs' common law conversion claim. The court held a hearing on the motion on June 20, 2016. For the following reasons, the motion will be denied.

## Background

The following facts, taken from the plaintiffs' complaint, are accepted as true for purposes of the defendant's motion for judgment on the pleadings. See W.C. & A.N. Miller Dev. Co. v. Cont'l Cas. Co., 814 F.3d 171, 176 (4th Cir. 2015).

Guadalajara is a Mexican restaurant in Albemarle County, Virginia. The plaintiffs worked as servers at the restaurant for varying periods between 2009 and 2015. They normally worked at least five days a week for a total of more than forty hours.

The plaintiffs were paid $2.15 per hour by the defendant. They also received an amount in tips each day that was equivalent to approximately 15 to 18% of their total daily sales. At the end of the day, the plaintiffs were allowed to keep part of the tips that they received from restaurant

patrons. However, the defendant took a portion of the plaintiffs' tips -- specifically, 3% of the plaintiffs' daily sales -- and "kept it for itself." Compl. ¶ 5; see also id. at ¶¶ 32-33 ("Out of the total gross sales each of them brought into the restaurant each night, Mses. Guerra and Serrato had to pay back three percent to Defendant out of their tips . . . . They never received back any of the three percent retained by the restaurant."). The plaintiffs allege that the defendant "did not distribute this money through a valid tip pool to other employees who customarily and regularly receive tips," and that the defendant "offered them different explanations for the purpose of the three percent deduction throughout their employment." Id. at ¶¶ 34-35.

On February 25, 2016, the plaintiffs filed the instant action against Guadalajara. In Count I of the complaint, the plaintiffs claim that the defendant was not entitled to a tip credit under § 203(m) of the FLSA, and thus violated § 206 of the FLSA by paying them less than the statutory minimum wage.[1] The plaintiffs also claim that the defendant violated § 207 of the

---

[1] The FLSA sets a general minimum wage requirement of $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). The statute, however, allows for certain exceptions to the general minimum wage rate. One such exception, known as the "tip credit," permits an employer to pay a tipped employee a wage as low as $2.13 per hour, as long as the employee's tips make up the difference between the hourly wage paid and the general minimum wage. 29 U.S.C. § 203(m); see also Trejo v. Ryman Hosp. Props., Inc., 795 F.3d 442, 447 (4th Cir. 2015). "This exception is available to an employer only if certain conditions are met." Perez v. Lorraine Enterprises, Inc., 769 F.3d 23, 27 (1st Cir. 2014) (citing 29 U.S.C. § 203(m)). Specifically, the employee must be "a 'tipped employee,' that is an employee who is engaged in a job that customarily and regularly affords [the employee] tips of more than $30 per month"; "the employer must inform the employee in advance that it intends to count a portion of the employee's tips toward the required minimum wage"; and "the employee must retain the tips received." Id. However, the latter requirement does not preclude tip-pooling arrangements in which employees share tips with other employees who regularly and customarily receive tips. See 28 U.S.C. § 203(m). If an employer does not satisfy the requirements for the tip credit, "then no tip credit can be taken and the employer is liable for the full minimum wage." Reich v. Chez Robert, Inc., 28 F.3d 401, 403 (3d Cir. 1994).

2

FLSA by failing to pay them proper overtime wages.[2]  In Count II of the complaint, the plaintiffs assert a claim for conversion based on the defendant's retention of tips earned by the plaintiffs.

Guadalajara has moved for judgment on the pleadings as to Count II.  The defendant argues that the conversion claim is preempted by the FLSA and must be dismissed.

## Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings.  In reviewing a Rule 12(c) motion filed by a defendant, the court applies the same standard that would apply to a Rule 12(b)(6) motion to dismiss for failure to state a claim. Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009).  The court must accept all of the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiffs.  Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002).  To survive a motion for judgment on the pleadings, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## Discussion

The Supremacy Clause of the Constitution renders federal law "the supreme Law of the Land."  U.S. Const. Art. VI, cl. 2.  "As a result, federal statutes and regulations properly enacted and promulgated can nullify conflicting state or local actions."  College Loan Corp. v. SLM Corp., 396 F.3d 588, 595 (4th Cir. 2005).  There are three ways in which federal law may preempt

---

[2] Section 207 of the FLSA "establishes the general rule that employers must pay overtime compensation to employees who work more than forty hours during a seven-day work week." Williams v. Genex Servs., LLC, 809 F.3d 103, 104 (4th Cir. 2015) (citing 29 U.S.C. § 207(a)(1)). "Employees are entitled to overtime compensation according to the general rule unless their employer proves that one of the Act's many exemptions applies." Id.

3

state law under the Supremacy Clause: (1) by "express preemption," which occurs when "Congress expressly declares its intent to preempt state law"; (2) by "field preemption," which occurs "when federal law so thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the states to supplement it"; and (3) by "conflict preemption," which occurs "when compliance with both federal and state regulations is a physical impossibility, or when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Pinney v. Nokia, Inc., 402 F.3d 430, 453, 457 (4th Cir. 2005) (internal citations and quotation marks omitted). In this case, Guadalajara invokes the third class of preemption, particularly as it was analyzed and applied by the United States Court of Appeals for the Fourth Circuit in Anderson v. Sara Lee Corporation, 508 F.3d 181, 191 (4th Cir. 2007).[3]

In Anderson, the Fourth Circuit concluded that FLSA-based claims for breach of contract, negligence, and fraud were preempted under the subset of conflict preemption referred to as "obstacle preemption," which exists when "'state law stands as an obstacle to the accomplishment of the full purposes and objectives of federal law.'" Anderson, 508 F.3d at 191-192, 194 (quoting Worm v. Am. Cyanamid Co., 970 F.2d 1301, 1305 (4th Cir. 1992)). The plaintiffs in Anderson alleged that, by failing to compensate workers for time spent complying with the company's mandatory uniform policy, "Sara Lee violated the 'applicable wage and hour law,' i.e., the FLSA." 508 F.3d at 184. Rather than pleading claims directly under the FLSA, the plaintiffs "invoke[d] state law . . . as the source of remedies for the alleged FLSA violations." Id. at 193. For instance, the plaintiffs alleged, as part of their negligence claim, that Sara Lee carelessly failed to pay wages due under the FLSA; they alleged, as part of their contract claim, that Sara Lee breached a promise

---

[3] It is undisputed that express preemption and field preemption are inapplicable.

4

to pay FLSA-mandated wages; and they alleged, as part of their fraud claim, that Sara Lee willfully failed to pay for compensable time under the FLSA. Id. Thus, the plaintiffs' state law claims "essentially require[d] the same proof as claims asserted under the FLSA itself." Id.

In analyzing whether the plaintiffs' claims stood as an obstacle to the accomplishment of the FLSA's purposes and objectives, the Fourth Circuit emphasized that "the FLSA provides an unusually elaborate enforcement scheme," which, "with respect to the minimum wage and overtime compensation requirements," includes "the authorization for workers to file private actions, in state or federal court, to recover unpaid wages, liquidated damages, and costs and attorney's fees." Id. at 192. In light of this enforcement scheme, the Fourth Circuit noted that there could not be the exceptionally strong presumption against preemption of state remedies that would be warranted if the FLSA did not provide federal remedies. Id. Nonetheless, because "the mere existence of a federal regulatory or enforcement scheme . . . does not by itself imply preemption of state remedies," the Court looked for "special features warranting preemption," such as "the provision of exclusive remedies for enforcing rights expressly guaranteed by the federal statute." Id. at 193-94 (internal citations and quotation marks omitted). Relying on its previous decision in Kendall v. City of Chesapeake, 174 F.3d 437 (4th Cir. 1999), in which it had held that plaintiffs could not use a § 1983 action to enforce their rights to overtime compensation under the FLSA, the Fourth Circuit concluded that the FLSA provides "exclusive remedies . . . for violations of its mandates." Id. at 194. "Because the FLSA's enforcement scheme is an exclusive one," the Fourth Circuit further concluded that the plaintiffs' "FLSA-based contract, negligence, and fraud claims [were] precluded under a theory of obstacle preemption." Id. The Court emphasized that its conclusion was "consistent with the rulings of several district courts

5

deeming state claims to be preempted by the FLSA where those claims have merely duplicated FLSA claims." Id. (collecting cases).

Since Anderson was decided, courts have distinguished between claims that seek to recover unpaid overtime compensation or minimum wages provided by the FLSA, and claims that do not seek to enforce the FLSA's minimum wage and overtime requirements. To the extent that a claim "seeks compensation under state law for overtime pay mandated by the FLSA or alleges that plaintiffs received less than the federal minimum wage . . . , Anderson makes clear that these claims are preempted by the FLSA and must be dismissed." Martinez-Hernandez v. Butterball, LLC, 578 F. Supp. 2d 816, 819 (E.D.N.C. 2008); see also Nimmons v. RBC Ins. Holdings (USA) Inc., No. 6:07-cv-2637, 2007 U.S. Dist. LEXIS 94467, at *3 (D.S.C. Dec. 27, 2007) ("Plaintiff's state law claims related to alleged overtime must be dismissed because they assert rights that are duplicative of those protected by the FLSA."). "However, claims that are 'separate and distinct' from FLSA claims, such as an 'alleged failure . . . to pay wages which may be in excess of [the federal] minimum wage and failure to pay wages when due' are not preempted by the FLSA." Moodie v. Kiawah Island Inn Co., LLC, 124 F. Supp. 3d 711, 725 (D.S.C. 2015) (quoting McMurray v. LRJ Restaurants, Inc., No. 4:10-cv-01435-JMC, 2011 U.S. Dist. LEXIS 7717, at *5 (D.S.C. Jan. 26, 2011)); see also Sosnowy v. A. Perri Farms, Inc., 764 F. Supp. 2d 457, 463 (E.D.N.Y. 2011) ("To the extent that the state common law claims seek recovery for claims that are unavailable under the FLSA they are not preempted . . . .").

Applying these principles, the court concludes that the plaintiffs' claim for conversion under Virginia law is not preempted by the FLSA. As noted above, the FLSA imposes minimum wage and overtime requirements on employers, 29 U.S.C. §§ 206(a) & 207(a), and provides a

6

cause of action for violations of these provisions. See 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 6 or section 7 of this Act [29 U.S.C. § 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."). For purposes of their conversion claim, the plaintiffs are not seeking to recover unpaid minimum wages or overtime compensation. Instead, they are seeking to recover tips earned "in excess of the minimum wage," which Guadalajara allegedly retained for itself. Pl.'s Br. Opp'n 4, 8. The Fourth Circuit recently made clear that such relief is unavailable under the FLSA. See Trejo v. Ryman Hosp. Props., Inc., 795 F.3d 442, 448 (4th Cir. 2015) (holding that the FLSA does not provide a private cause of action for "the recovery of . . . tips unrelated to a minimum wage or overtime claim"). The Fourth Circuit emphasized that "[t]he FLSA 'requires payment of minimum wages and overtime wages only,'" and "'simply does not contemplate a claim for wages other than minimum or overtime wages.'" Id. (quoting Nakahata v. New York-Presbyterian Healthcare Sys., 723 F.3d 192, 201 (2d Cir. 2013)). As another district court recently observed, "[t]hat language alone is sufficient" to establish that the plaintiffs' state law claim, in which they seek to recover tips retained by the defendant in excess of the minimum wage requirements, is "not preempted" by the FLSA. Meller v. Wings Over Spartanburg, LLC, No. 2:15-CV-2094, 2016 U.S. Dist. LEXIS 35792, at *9-12 (D.S.C. Mar. 21, 2016) (holding that the plaintiffs' state statutory and common law claims were not preempted by the FLSA to the extent the plaintiffs sought "only recovery of the tips they earned in excess of their minimum wages"); see also Labriola v. Clinton Entm't Mgmt., LLC, No. 15 C 4123, 2016 U.S. Dist. LEXIS 37186, at *18 (N.D. Ill. Mar. 22, 2016) ("Preemption is not an issue with respect to Plaintiffs' allegation that Defendants improperly confiscated portions of Plaintiffs' tips. [The] FLSA does not authorize a

7

claim for the return of tip money unrelated to any claim for unpaid minimum or overtime wages.").[4]

Moreover, the plaintiffs' alleged entitlement to the tips retained by the defendant does not derive solely from the FLSA. Instead, for purpose of the conversion claim, the plaintiffs' property interests are based on the general principle that "[i]n businesses where tipping is customary, the tips, in the absence of an explicit understanding, belong to the recipient." Williams v. Jacksonville Terminal Co., 315 U.S. 386, 388 (1942); see also Barcellona v. Tiffany English Pub, Inc., 597 F.2d 464, 467 (5th Cir. 1979) ("If there was no agreement as to ownership, then the tips were the property of the recipient.") (citing Williams, supra); Marin v. AIDA, Inc., 992 F. Supp. 2d 913, 915 (W.D. Ark. 2014) (holding, for purposes of a claim for conversion under state common law, that the plaintiff's allegations were sufficient to show that he was entitled to retain the tips left for him by customers). As other courts have noted in similar circumstances, this general principle "is not depende[nt] upon the application of the FLSA," and instead "comports with the common understanding and intent of tipping." McCullum v. McAlister's Corp., No. 08-5050, 2010 U.S. Dist. LEXIS 110112, at *2 n.2 (E.D. La. Oct. 14, 2010); see also

---

[4] In a vigorous and cogent argument in favor of the application of the doctrine of preemption, the defendant also contends that all of the factual findings and legal conclusions which must be made in deciding whether the defendant unlawfully retained the plaintiffs' tips can be made in the context of the plaintiffs' FLSA claims. It is true that, pursuant to an implementing regulation promulgated by the Department of Labor, "[t]ips are the property of the employee whether or not the employer has taken a tip credit under [§ 203(m)]," and an "employer is prohibited from using an employee's tips . . . for any reason other than that which is statutorily permitted in [§ 203(m)]." 29 C.F.R. § 531.52. However, based on the Fourth Circuit's decision in Trejo, and in the absence of any authority for the proposition that 29 C.F.R. § 531.52 creates a private cause of action for improper retention of tips, it appears that state law provides the only viable remedy for plaintiffs seeking the return of additional tip money withheld by their employer. See, e.g., Labriola, 2016 U.S. Dist. LEXIS 37186, at *14, 19 (holding that the plaintiffs' allegation that defendants improperly confiscated portions of the plaintiffs' tips was not actionable under the FLSA but could support a claim under Illinois common law); Azeez v. Ramaiah, No. 14 Civ. 5623, 2015 U.S. Dist. LEXIS 46574, at *19-22 (S.D.N.Y. Apr. 9, 2015) (holding that neither the FLSA nor the regulation issued by the Department of Labor provides a cause of action for unlawful retention of tips, but that such action can be pursued under New York law).

8

Carter v. PJS of Parma, Inc., No. 1:15CV1545, 2016 U.S. Dist. LEXIS 54171, at *5 (N.D. Ohio Apr. 22, 2016) (agreeing with McCullum "that a plaintiff's entitlement to tips on a common law unjust enrichment claim is not dependent upon the application of the FLSA"); but cf. Austin v. Colonial Williamsburg Hotel Props., Inc., No. 4:95CV130, 1996 U.S. Dist. LEXIS 11607, at *19 (E.D. Va. June 14, 1996) (finding that wine runners at a restaurant had not established any common law property rights in the tips at issue and were required to look to the FLSA for such rights).[5]

For all of these reasons, the court concludes that the plaintiffs' conversion claim is separate and distinct from their FLSA claims for unpaid minimum and overtime wages, and that it does not conflict with the FLSA's remedial scheme or present an obstacle to its purposes and objectives. Accordingly, the claim is not preempted by the FLSA.

## Conclusion

Pursuant to the foregoing, the defendant's motion for judgment on the pleadings as to Count II of the complaint will be denied. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 7th day of July, 2016.

_____
Chief United States District Judge

---

[5] The defendant cites Austin to support the proposition that the plaintiffs had no common law property interest in the tips left for them by customers. The court agrees with the plaintiffs that the defendant's reliance on Austin is misplaced. Unlike Guerra and Serrato, the plaintiffs in Austin were wine runners, who did not ordinarily receive tips directly from customers. Although the district court noted that none of the parties "cited any authority that a waiter, an owner/employer, or any other server possesses a property right in a voluntarily paid gratuity," the district court acknowledged the possibility that waiters, "as direct recipients of the tips," might have the authority to "apportion or retain tips in any manner they desire[]." Austin, 1996 U.S. Dist. LEXIS 11607, at *19.

9